IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**TODD LOPEZ, as personal representative of**
**the estate of Alvaro Eduardo Gonzalez**
**Gonzalez, et al.,**

      **Plaintiffs,**

**v.**                                       **1:25-cv-00900-DHU-SCY**

**MATADOR RESOURCES COMPANY,**
**MATADOR PRODUCTION COMPANY, and**
**ARSENIO JONES,**

      **Defendants.**

## <u>MEMORANDUM OPINION AND ORDER</u>

THIS MATTER comes before the Court on the Motion to Remand filed by Todd Lopez ("Lopez"), as personal representative of the estate of Alvaro Eduardo Gonzalez Gonzalez ("Gonzalez"); Uriel Antonio Soto Reyes ("Soto Reyes"); Jesus Lares Valenzuela ("Valenzuela"); Lesli Yajaira, individually and as next of friend of Ingrid Yamileth Gonzalez Herrera; and Flor Maria Gonzalez Martinez (collectively "Plaintiffs"). Doc. 10. Defendants Matador Production Company and Matador Resources Company (collectively "Matador") responded in opposition, Doc. 11, and Plaintiffs replied in support, Doc. 13. Having reviewed the parties' pleadings, exhibits, and the relevant law, the Court will **GRANT** Plaintiffs' Motion.

### I.      BACKGROUND

Matador is the lease owner and/or operator of a wellsite known as Dagger Lake N St. Pad D (the "Wellsite"). Doc. 1-4 at ¶¶ 14–15. Plaintiffs allege that Defendant Arsenio Jones ("Jones") is an employee of Matador and is responsible for overseeing the daily operations of Matador's operations, including coordinating with third party contractors and overseeing and enforcing safety at the Wellsite. *Id.* at ¶ 16. On or about June 23, 2025, Gonzalez, Soto Reyes, and Valenzuela—all

1

of whom were third party contractors for Matador—were on the Wellsite working on a vessel when the vessel exploded, ultimately killing Gonzalez and seriously injuring Soto Reyes and Valenzuela. *Id.* at ¶¶ 17, 21. Plaintiffs allege that, prior to the three men working on the vessel, "Matador, at the direction, guidance, and/or oversight of" Jones, was to inspect and clear the Wellsite "to ensure the elimination or mitigation of the risk of combustible material in the vessel." *Id.* at ¶ 20.

On August 7, 2025, Plaintiffs brought this personal injury action in the First Judicial District Court, County of Santa Fe, State of New Mexico. Doc. 1-4. In the Complaint, Lopez, Soto Reyes, and Valenzuela's allegations against Matador and Jones include, *inter alia*, negligence, res ipsa loquitor, and liability for nondelegable duty/joint and several liability. Doc. 1-4 at 5–19. Matador removed this case to federal court, asserting via two sworn affidavits (Docs. 1-2, 1-3) that Jones was not Matador's "Company Man," as stated by Plaintiffs, and that Plaintiffs joined Jones for the sole purpose of spoiling federal jurisdiction. Doc. 1. Plaintiffs then filed the instant Motion, asserting that they have cognizable claims against Jones and therefore his joinder was proper and, consequently, this Court lacks jurisdiction because Jones is not diverse from Plaintiffs.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), with the requirements for federal jurisdiction found at 28 U.S.C. § 1331 (federal question jurisdiction) and § 1332 (diversity jurisdiction). Due to the exceptional nature of federal jurisdiction, removal statutes must be strictly construed, and all doubt should be resolved against removal. *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

Diversity jurisdiction requires complete diversity, meaning no party may share citizenship with an opposing party. *See Strawbridge v. Curtiss*, 7 U.S. 267, 2 L.Ed. 435 (1806). But, when a

plaintiff has included a party in a suit for the sole purpose of defeating diversity jurisdiction, joinder is considered fraudulent. *See Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). If the Court concludes a party was fraudulently joined, it may ignore the citizenship of that party for purposes of determining jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 987–88 (10th Cir. 2013).

### III.    DISCUSSION

Plaintiffs' Motion turns on whether Matador can demonstrate that Jones is a fraudulently joined party and, in turn, whether his citizenship should be considered for removal purposes.

#### a.    Matador does not meet its burden demonstrating fraudulent joinder.

"To establish fraudulent joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against [the defendant] in state court." *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (internal quotation marks and citation omitted). Proving fraudulent joinder is a "heavy burden," and "all factual and legal issues must be resolved in favor of the plaintiff." *Id.* at 814. "Merely to traverse the allegations upon which the liability of the resident defendant is rested or to apply the epithet 'fraudulent' to the joinder will not suffice: the showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). In considering a claim of fraudulent joinder, courts are directed to "pierce the pleadings, . . . consider the entire record, and determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns., Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). But a court will not "pre-try . . . doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967).

3

Matador alleges fraudulent joinder on the grounds that Jones "was not involved with and had no responsibility for the work, site, contractor, or Plaintiffs," and was, at most, "a witness to post-accident events." Doc. 11 at 2. But whether Jones has a connection to the accident is a hotly disputed factual issue in this case. Matador purportedly believes that the submission of two self-serving affidavits to the effect of "Jones did not owe Plaintiffs a duty of care" definitively resolves this issue and proves as a matter of law that Plaintiffs have no cause of action against Jones. However, Matador does not dispute that the incident report stated: (1) a police officer "spoke with [a] Matador employee" who "stated the three workers were supposed to start work on the tanks net [sic] to the heater treater"; (2) "Matador stated the tanks were listed as safe to work" based on an inspection conducted the day before; and (3) "Arsenio Jones was point of contact for Matador and was given a copy of the report number." Doc. 10-1 at 3. While Matador counters that Jones was only at the Wellsite "to investigate the accident and to interface with the peace officers," Doc. 11-3 at 2, Plaintiffs submit that because "Jones is the only Matador employee referenced by name in the police report, [he] is presumed to be the Matador employee who police were referencing," Doc. 10 at 7.

In light of the incident report, Matador's affidavits leave key questions unanswered, namely: Why was Jones Matador's point of contact? If Jones was indeed the Matador employee referenced in the report, then how did he know that the three men were supposed to work on the tanks that exploded, that the tanks were inspected before the explosion, and that the tanks were marked safe to work on? These lingering questions demonstrate that Plaintiffs' cause of action against Matador in state court is possible, or at least not "so wholly insubstantial and frivolous that [the claims] may be disregarded for purposes of diversity jurisdiction." *Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013); *see Lopez v. Spur Energy Partners, Ltd. Liab. Co.*, 2024 WL

4

5263705 at *16 (D.N.M. Dec. 31, 2024) ("The bottom line is that SpurEnergy's affidavits setting forth the New Mexico Defendants' lack of involvement with and supervision over the frac tanks do not rule out the possibility that the Plaintiffs could recover against the New Mexico Defendants pursuant to negligence theories grounded in the lack of supervision."). Although Plaintiffs' claims are not necessarily a "sure-thing," they do "have a basis in the alleged facts and the applicable law." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006).

Accordingly, resolving all factual and legal issues in Plaintiffs' favor, the Court finds that Matador has not put forth sufficient evidence to meet its heavy burden proving fraudulent joinder.

### b. Due to Matador's improper removal, the Court must remand the case.

Because Matador fails to meet its burden demonstrating that Jones is a fraudulently joined party, the Court must next consider his citizenship for jurisdictional purposes. Under § 1447(c), there are two grounds for remand: (1) those based on a lack of subject-matter jurisdiction and (2) those based on "any defect other than lack of subject matter jurisdiction." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1092 (10th Cir. 2017). The Tenth Circuit has held that the following three grounds qualify as a "defect" under § 1447(c): (1) noncompliance with the time limits provided in § 1446(b); (2) noncompliance with the unanimity requirements in § 1446(b)(2)(A); and (3) noncompliance with the forum-defendant rule in § 1441(b), which prohibits removal when a defendant is a citizen of the forum state. *Id.* at 1095.

Plaintiffs invoke the forum-defendant rule by citing 28 U.S.C. § 1441(b)(2) and argue that complete diversity is lacking. Doc. 10 at 11–12. Matador contends that the forum-defendant rule is not violated because Jones should not be considered for citizenship purposes, and thus, it properly engaged in removal. Doc. 11 at 2.

Under the forum-defendant rule, a "civil action otherwise removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Here, it is undisputed that Jones is a citizen of New Mexico. Doc. 1 at 2. The only dispute is whether Jones' citizenship should be considered in light of Matador's argument that he was fraudulently joined. Having decided that Jones is not fraudulently joined, the Court finds that Matador's removal runs afoul of the forum-defendant rule because Jones is a citizen of the forum in which the suit has been brought. *See* 28 U.S.C. § 1441(b)(2). Accordingly, the Court must remand the case pursuant to § 1447(c).

### c.   An award of attorney's fees and costs is not warranted.

Plaintiffs request attorney's fees and costs under § 1447(c) and assert that Matador "lacked an objectively reasonable basis for believing that they could establish the alleged fraudulent joinder" of Jones, particularly where the incident report demonstrates Jones' "close knowledge and involvement in the operations that led to the explosion" and lists Jones as Matador's point of contact about the explosion. Doc. 10 at 14. Matador makes no argument in response.

Section 1447(c) provides that an "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The award of fees is discretionary, and "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005).

The Court finds that Matador's removal was not objectively unreasonable. A losing argument is not necessarily an unreasonable one, and Matador merely failed to demonstrate that

there is no possibility that Plaintiffs would be able to establish a cause of action against Jones in state court. Thus, Plaintiff's request for attorney's fees and costs is not warranted in this case.

## IV.      CONCLUSION

The Court finds that Jones was not fraudulently joined. Therefore, complete diversity among the parties does not exist and removal to this Court was not proper.

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand is **GRANTED** and Plaintiffs' request for attorney's fees and costs is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall take the necessary action to effectuate remand of this case to the First Judicial District Court, County of Santa Fe, State of Mexico.

**IT IS SO ORDERED.**

_____

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE